IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JERRY W. WATSON | § | |
| v. | § | CIVIL ACTION NO. 2:10-CV-009 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER
ON MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On January 10, 2010, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying his application for Social Security benefits.

*Background*

The Commissioner filed an answer to the complaint on March 19, 2010. The Court issued an Order directing filing of briefs on March 23, 2010. Plaintiff filed his opening brief on May 10, 2010. The Commissioner filed its Brief on July 2, 2010. Plaintiff filed a Reply Brief on July 12, 2010.

On April 7, 2011, this Court issued a Report and Recommendation reccomending that the case be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On April 28, 2011, the District Court entered an order adopting the Report and Recommendation (docket entry #12) and entered Final Judgment (docket entry #13).

1

Plaintiff then applied for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 1412. On June 14, 2011, the Court granted the motion and awarded Plaintiff the sum of $5,933.00 and costs in the amount of $350.00 pursuant to the EAJA. The Commissioner subsequently issued a favorable decision to Plaintiff on June 22, 2014.

On June 30, 2014, Movant, Plaintiff's representing attorney during the litigation before this Court, filed a Motion for Award of Attorney Fees Pursuant to 42 U.S.C. 406(b)(docket entry #17). The Commissioner responded and stated that the amount that the Movant requested appears to be reasonable. *See* Commissioner's Response, p.1 (docket entry #19). The Commissioner had no objections to the motion. Based on the Commissioner's award of past-due benefits, Movant seeks an award of $11, 913.00 pursuant to 42 U.S.C. § 406(b)(1).

### *Discussion*

The Act provides that, when a court renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1). The District Court can only award fees for work performed before the Court, and not for any work performed at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir.2005); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir.1990), *abrogated on other grounds*, *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

The ultimate issue is whether the award is reasonable. *See Gisbrecht*, 535 U.S. at 793; *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010). This decision lies within the discretion of the court. *Gisbrecht*, 535 U.S. at 793; *Jeter*, 622 F.3d at 376. In making such determinations, the Supreme

Court has concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807.

Courts, however, should consider certain factors in determining the reasonableness of a §406(b) fee, including but not limited to: (1) quality of the representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulate during the case; or (3) whether the award is a "windfall" for counsel. *Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377. The Fifth Circuit has also interpreted *Gisbrecht* to hold that a district court may consider "lodestar" factors in its "windfall" determination, though the court may not rely on them alone. *Jeter*, 622 F.3d at 380 ("we conclude that courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage").

Here, the Social Security Administration awarded past-due benefits. The Agency withheld a percentage of the past-due benefit in the amount of $11,913.00 Movant contends that the claimant's non-attorney representative has already received the full payment for the representative's administrative level work in this case. Movant argues that his work on the case weighs in favor of granting the $11, 913.00 fee requested. The Commissioner states that the request is reasonable.

The Court agrees with Movant. First, there was a contingency fee agreement between Movant and Plaintiff. *See* Motion at Ex. B. The signed agreement states in pertinent part, "I specifically agree that David F. Chermol can pursue any fees to which he may be entitled under 42 U.S.C. 406(b)". By the plain language of the agreement, Plaintiff intended to pay Movant the

maximum allowed fee under § 406(b) if he obtained past-due benefits as a result of the representation. The fee that Movant seeks is actually lower than the 25% allowable by statute.

There is no indication of any lack of quality in Movant's representation. In fact, the brief prepared and submitted to this Court was detailed and raised several substantive issues, resulting in the reversal and remand of the case by this Court. Although Movant did not represent Plaintiff in further administrative proceedings, ultimately, the Commissioner awarded benefits including a past-due amount. Since the Commissioner has not challenge Movant's Motion, and in fact has stated that the fee appears to be reasonable, there is no dispute that the remand resulted from Movant's efforts on behalf of Plaintiff.

Further, Movant took on the contingency-basis case at considerable risk. *See Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005); *Wilson v. Astrue*, 622 F.Supp.2d 132 (D. Del. 2008). The Administration had denied benefits on initial and subsequent review. An administrative hearing was then conducted by an Administrative Law Judge, who denied benefits. Despite the risk involved, Movant accepted the representation before this Court and arrived at a favorable outcome for Plaintiff.

There is also no indication of any delay undertaken by Movant.

In addition, it does not appear that this award represents a "windfall" to Movant due to its size. The fee reflects the substantial risk involved, as discussed above. Counsel seeks 406(b) fees consistent with the fee agreement and the applicable statute. Counsel actually seeks less than the 25% of past due benefits provided for by the statute and the fee agreement. Instead, counsel seeks only the $11,913.00 that SSA has properly still withheld in order to pay the attorney fees in this case.

Considering other lodestar-type factors along with the issues discussed above, the Court finds that Movant's time represents considerable time and labor over the years 2010 and 2011 representing Plaintiff. Movant's efforts were ultimately successful in obtaining all of the relief Plaintiff sought. Based on the favorable ruling, Plaintiff has been awarded a past-due benefit and continuing disability benefits, the accrued value of which may be considerably more as time goes by. Movant's experience is not in doubt. *Pederson v. Astrue*, 2011 WL 1100215, at *2 -3 & n.2 (S.D. Tex. Feb. 25, 2011). Overall, the Court cannot find that the award Movant seeks constitutes a "windfall."

Next, Movant acknowledges that he has already been awarded the amount of $5, 933.00 under the EAJA and that the lesser of the award under the EAJA or the award under § 406(b) must be refunded to the Plaintiff. *See* Motion at 3; *Astrue v. Ratliff*, 560 U.S. 586 (2010) (citing 1985 amendment note to 28 U.S.C. § 2412); *Jeter*, 622 F.3d at 375. The Court will so order.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Movant's Motion for Attorney Fees Pursuant to § 406(b) of the Social Security Act (docket entry #17) is hereby **GRANTED**.

Movant shall be awarded the sum of $11, 913.00 to be paid out of Plaintiff's past-due benefits for representation before this Court in this matter. It is further

**ORDERED** that, concomitant with the award of attorney fees under § 406(b) herein, Movant shall refund the amount of $5,933. 00 to Plaintiff.

**SIGNED this 28th day of July, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

5